MOBILE, JACKSON & KANSAS CITY RAILROAD COMPANY v. JASPER J. KEA.

[50 South. 628.]

RAILROADS. *Live stock near track. Evidence. Injuries. Code* 1906, § 1985.

Code 1906, § 1985, making proof of injury inflicted by the running of locomotives or cars *prima facie* evidence of want of reasonable care on the part of the railroad employes operating the same, has no application in a suit against a railroad company for injuries to a horse resulting from being frightened by a train and running into a trestle, where the train did not strike the animal.

FROM the circuit court of Neshoba county.

HON. JAMES R. BYRD, Judge.

Kea, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Flowers, Fletcher & Whitfield*, for appellant.

There is no conflict in regard to the facts. The witnesses are in accord as to how the accident happened, and, we submit, no liability of appellant is shown. The peremptory instruction

asked by defendant should have been given. *Yazoo, etc., R. Co. v. Brumfield,* 64 Miss. 637; *Yazoo, etc., R. Co. v. Whittington,* 74 Miss. 410; *Mobile, etc., R. Co. v. Weems,* 74 Miss. 513; *Yazoo, etc., R. Co. v. Wright,* 78 Miss. 125; *Lowe v. Alabama, etc., Ry. Co.,* 81 Miss. 9; *Bedford v. Louisville, etc., R. Co.,* 65 Miss. 385; *Hamlin v. Yazoo, etc., R. Co.,* 72 Miss. 39; *Owens v. Illinois, etc., R. Co.,* 77 Miss. 142; *Nichols v. Gulf, etc., R. Co.,* 83 Miss. 126.

The authorities cited show that the *prima facie* statute, Code 1906, § 1985, is not applicable to the case and that there is, under the facts, no liability on defendant; the case of *Lowe v. Alabama, etc., Ry. Co., supra,* is conclusive on the latter point.

*Byrd, Wilson & Richardson,* for appellee.

Appellant's counsel have, unwittingly of course, assumed the whole case in their statement of it; they have inadvertently omitted those features of the case which impose liability on their client.

This case falls, on its facts, squarely within the decision of this court in *Yazoo, etc., R. Co. v. Lambuth,* 74 Miss. 758, 21 South. 801, a case wherein the horse was not struck by the train, but suffered injury from being frightened by it and running into a wire fence. Other decisions of this court applicable to the case at bar are: *Young v. Illinois, etc., R. Co.,* 88 Miss. 446, 40 South. 870; *McMillan v. Southern R. Co.,* 75 Miss. 490, 23 South. 182, and *Newman v. Vicksburg, etc., R. Co.,* 64 Miss. 115.

SMITH, J., delivered the opinion of the court.

From a judgment in the court below, awarding appellee damages for an injury to his mare, this appeal is taken. It will not be necessary to state the facts in this case; but it will be sufficient to say that this mare was not struck by the train, or injured by the running thereof, but became frightened thereat and ran along the side of the track for some distance, then upon

and down the track ahead of the train, and into a trestle, thereby sustaining her injuries.

The court, at the request of appellee, charged the jury, under section 1985 of the Code of 1906, that proof of injury by the running of the locomotive or cars of the company was *prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company, etc. The court also refused the following instruction, requested by appellant: "The court instructs the jury that the burden of proof in this case is upon the plaintiff to establish liability upon defendant company by a preponderance of the evidence, and unless such liability has been so shown they will find a verdict for the defendant."

The court was in error in both instances. Section 1985 of the Code has no application to this case, as the mare was not struck or injured by the running of the train. *Lowe v. Alabama, etc., Ry. Co.*, 81 Miss. 9, 32 South. 907.

Judge Mayes concurs in the reversal, but is of the opinion that the facts show no liability on the part of the railroad company.                              *Reversed and remanded.*